JiDECUIR, Judge.
The defendant, Glenn Thibodeaux, was indicted in July of 1992 for crimes committed against his girlfriend’s young daughter: molestation of a juvenile, a violation of La.R.S. 14:81.2, and aggravated oral sexual battery, a violation of La.R.S. 14:43.4 A(4). These crimes allegedly occurred from 1985 to 1987 while the victim was six to eight years of age. The defendant was convicted on December 23,1992, of molestation of a juvenile who was under his control or supervision, and aggravated oral sexual battery.
The defendant, Glenn D. Thibodeaux, is seeking review of the trial court’s ruling of April 20, 1994, reversing its prior ruling granting the defendant’s “Motion to Vacate Judgment” on the grounds of untimely institution of prosecution. The defendant initially sought both a stay of the sentencing set for June 3, 1994, and reversal of the trial court’s ruling. This court granted the writ application on June 2, 1994.
The motion to vacate judgment, actually a motion in arrest of judgment, was argued in the trial court on April 2, 1993. The trial judge took the matter under advisement. Over seven (7) months later, the trial judge issued his ruling on these motions by letter addressed to counsel for the state and the defendant filed in the record on November 24, 1993. However, the record does not indicate any notice was actually received by the state. The reason for granting the motion in arrest of judgment was the plea of prescription; that is, the defendant’s criminal conduct occurred from 1985 |2to 1987, but defendant was indicted in 1992, more than four (4) years later, and La.Code of Crim.P. art. 572(2) provides a time limit of four (4) years to institute prosecution.
We conclude that the trial court erred in granting the motion in arrest of judgment. The victim was bom on December 14, 1979. This information is important in that La. Code Crim.P. art. 573 provided at the time of the defendant’s indictment:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
(4) The offense charged is one of the following:
[[Image here]]
... aggravated oral sexual battery (R.S. 14:43.4), ... molestation of a juvenile (R.S. 14:81.2), ... and the victim is under seventeen years of age.
La.Code Crim.P. art. 573(4) (amended 1993).
This language now comprises La.Code Crim.P. art. 571.1. The defendant was indicted in 1992, and the criminal conduct allegedly occurred from 1985 to 1987. The victim was under the age of seventeen at the time of institution of prosecution and will not reach the age of seventeen until December 14, 1996. Therefore, the trial court erred when it granted the defendant’s motion in arrest of judgment.
*50 In the present case, the record does not establish when the state received notice of the trial judge’s ruling on the defendant’s motion in arrest of judgment. This motion had been under advisement for over seven (7) months, and the letter ruling of the trial judge was issued the day before the Thanksgiving holidays. The Code of Civil Procedure has detañed articles governing the proper manner of issuing a ruling or judgment, the giving of notice of the ruling or judgment and the time at which the delays begin for seeking any review of the ruling by either the trial court or the appellate court. La.Code Civ.P. arts. 1913,1974, & 2087. The Code of Criminal Procedure does not have any guidelines for the trial courts for the manner of issuing a ruling on a motion, giving notice of a ruling, or providing a delay in the time limits to seek review until such time as the parties have received formal notice of the ruling.
|3The most recent ruling by the Louisiana Supreme Court on this issue is State v. Bennett, 610 So.2d 120 (La.1992), where the supreme court permitted the engrafting of provisions of the Code of Civü Procedure onto the Code of Criminal Procedure. The supreme court in Bennett, supra did not hesitate to extend the provisions of the Code of Civil Procedure to an area of criminal procedure in which the Code of Criminal Procedure did not provide an equitable procedure. Applying Bennett, we conclude that since the state in the present case did not receive proper notice of the ruling of November 24, 1993, the delays to seek review of this ruling did not begin to run. Therefore, the state’s request for reconsideration on January 7, 1994, of the trial judge’s November 24, 1993 ruling was timely.
WRIT DENIED.
COOKS, J., dissents and assigns written reasons.